UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                               Case No. 12-CR-0037

MATHEW L. LEMBERGER,
a/k/a Matthew L. Lemberger,

        Defendant.

---

### ORDER REGARDING MOTION FOR EARLY TERMINATION OF SUPERVISION

---

        Defendant Mathew L. Lemberger was convicted of two counts of Arson of a Building Used in Interstate Commerce in violation of 18 U.S.C. §§ 444(i) and 2 after entry of a guilty plea. On July 15, 2013, Lemberger was sentenced to a total of 120 months imprisonment, to be followed by three years of supervision. Lemberger was also ordered to pay restitution in the amount of $779,408.79 and a special assessment in the amount of $200.00. On April 2, 2015, an Amended Judgment was entered reducing his term of imprisonment to 96 months. Lemberger's supervision commenced on January 18, 2019, and is set to expire on September 19, 2022. The case is currently before the Court on Lemberger's motion for early termination of his supervised release.

        Lemberger is statutorily eligible for early termination in that he has completed more than eighteen months of supervision and has had no significant violations in the past twelve months. In fact, both the Government and Probation note that Lemberger has secured and held employment, a stable living environment, and maintained pro-social relationships and activities throughout his supervision. He has continued sobriety and made consistent payments of over $500.00 monthly toward his restitution. Nevertheless, both the Government and Probation asked that the Court

deny early termination due to Lemberger's failure to enter into a payment agreement with the Financial Litigation Unit. Both the Government and Probation note that Lemberger received an enhancement for his role in the offense and that the Financial Litigation Unit has reached out to Lemberger, but he has failed to enter into an agreement at this time. It was also noted that the Court earlier denied a co-defendant's motion for early termination for this very reason, and it would seem to depreciate this defendant's role in the offense to grant his request absent the commitment to maintain regular restitution payments after discharge.

Lemberger has been making regular and substantial payment on the balance of restitution owed, and it appears that any failure to enter into a payment agreement is likely due to miscommunication rather than a refusal. In his motion seeking early termination, Lemberger indicates a willingness to continue making payments. In any event, the Government is not without other ways of compelling Lemberger to enter an agreement and continue paying should he fail to do so voluntarily.

Lemberger has set forth sound reasons for requesting early termination: probation supervision prevents him from traveling to Seattle to visit his nine-year-old daughter and possibly relocating to that part of the country, and it limits his ability to travel for his employment and thereby increase his value to the company. If freed of supervision, the increased flexibility to respond to his employer's requests for additional out-of-state work could substantially increase his earnings, leading to even faster payment of the balance of restitution.

Lemberger's conduct within prison and his transition back to the community have been, by all accounts, exemplary, and the supervision currently provided is minimal. To be sure, Lemberger's crimes were serious and deserving of a substantial penalty. But he has served his

sentence and shows strong evidence of full rehabilitation. Under these circumstances, the Court concludes that his motion should be granted.

**SO ORDERED** at Green Bay, Wisconsin this 9th day of April, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
